# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIS EDWARD PRIEST, III, | 1:13-cv-01027-BAM (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1) |
| v. | |
| MARGARET MIMMS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**I.     Screening Requirement and Standard**

Plaintiff Hollis Edward Priest, III, ("Plaintiff") is a jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 3, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is housed at the Fresno County Jail, where the events in his complaint are alleged to have occurred.  Plaintiff names the following defendants:  Sheriff Margaret Mimms, Officer Arroyo, Officer Barajas and Officer Hernandez.

Plaintiff alleges as follows:

On March 28, 2013, Officer Arroyo refused Plaintiff's right to an inmate grievance procedure regarding a medical issue.  Plaintiff asserts that his attempts to submit slips to be seen by medical were refused and destroyed, which led to him using the grievance procedure.  His first attempt at the grievance procedure was disposed of and his second attempt was denied by signature refusal.

On April 1, 2013, Plaintiff's dorm was released for optional recreation time, Plaintiff requested use of the local phone book.  An officer told Plaintiff that he would attempt to locate one.  Plaintiff claims that he previously filled out several forms to find out his attorney's phone

number before returning to court. Plaintiff waited patiently for a response from one of the three officers standing at the designated station for phone books. One of the officers observed Plaintiff and came over to him. The officer then directed Plaintiff to place his hands on the wall with feet spread. The remaining officers approached and surrounded Plaintiff. The original officer pulled Plaintiff away from witnesses and belittled him, attempting to engage Plaintiff. Plaintiff then requested a sergeant for his own safety. Plaintiff contends that Defendant Barajas engaged in inappropriate staff/inmate relationships.

Plaintiff further alleges that since the incident he has been harassed, bullied, and disrespected by jail staff. Attached to Plaintiff's complaint are a number of exhibits, including inmate grievance forms.

Plaintiff seeks compensatory and punitive damages.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable section 1983 claim. Plaintiff will be granted leave to amend. To assist Plaintiff, the Court provides the following pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is disjointed and unclear. Plaintiff has failed to clearly identify his claims and has failed set forth sufficient facts upon which he bases his claims against the

individual defendants. If Plaintiff chooses to amend his complaint, Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights. The Court will not undertake to scour Plaintiff's exhibits to find a cognizable claim.

### B.      Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to sufficiently link Defendants Mimms, Officer Barajas and Officer Hernandez to any claim. If Plaintiff chooses to amend, then Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights.

To the extent Plaintiff seeks to bring suit against Sheriff Mimms based on her role as a supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss, 711 F.3d at 967-68; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989) (9th Cir.

2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Sheriff Mimms was personally involved the constitutional deprivation or that she instituted a deficient policy.

### C.   Grievance Procedure

Plaintiff cannot state a claim based on the purported failure of Officer Arroyo to respond to his grievances. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). A prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993).

### D.   Harassment

To the extent Plaintiff alleges that officers verbally harassed and bullied him, this is not sufficient to state a cognizable section 1983 claim. The Ninth Circuit generally holds that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see Villegas v. Schulteis, 2009 WL 2246765, *7 (E.D. Cal. Jul. 28, 2009) (prisoner failed to state a cognizable Equal Protection claim based on allegations that racially-charged language was used during the use of excessive force incident).

### E.   Deliberate Indifference to Serious Medical Needs

It is not clear whether Plaintiff was a pretrial detainee during the events alleged in this action.  If Plaintiff amends his complaint, he should clarify whether he was a pretrial detainee during the relevant time period.

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir.2003). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees. Id. at 1120. As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535–36, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017–18 (9th Cir.2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir.2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017–18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs. There are no allegations that any defendants knew of a medical need and failed to respond.

### IV.  Conclusion and Order

Plaintiff's complaint violates Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

///

///

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **June 4, 2014**                            /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE