# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIS EDWARD PRIEST, III,<br><br>   Plaintiff,<br><br>   v.<br><br>MARGARET MIMMS, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:13-cv-01027-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

Plaintiff Hollis Edward Priest, III, a jail inmate proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 3, 2013. Plaintiff consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 6.)

On June 4, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 7.) The order was returned by the United States Postal Service as Undeliverable, "RTS, Not In Custody" on June 11, 2014.

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to

prosecute.[1]

Plaintiff's address change was due no later than August 18, 2014, but he has failed to file one and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since July 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b). This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **August 20, 2014**           /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).